1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8    VERITAS INSTITUTE,                      )
                                             )
9              Petitioner,                    )
                                             )
10             v.                             )          3:12-cv-298-RCJ-VPC
                                             )
11   UNITED STATES OF AMERICA et al.,         )          **ORDER**
                                             )
12             Defendants.                    )
                                             )
13   _____ )

14

15         Currently before the Court are a Verified Petition by Affidavit with Memorandum in

16   Support to Quash IRS Form 2039 Administrative Summonses (#1), a Motion to Dismiss or

17   Summarily Deny Verified Petition (#3), and a Motion for an Extension of Time or in the

18   Alternative Motion to Strike Response (#4).

19                                      **BACKGROUND**

20   **I.     Petition to Quash**

21         On June 4, 2012, Joan Buglino Lewis ("Joan"), *pro se* on behalf of Veritas Institute and

22   as "a sentient being appointed Overseer of Veritas Institute, a corporation sole," filed a petition

23   to quash an Internal Revenue Service ("IRS") administrative summons against Respondents

24   United States of America, Internal Revenue Service, and G. Yarbrough.[1]  (Pet. to Quash (#1)

25   at 1).  Joan stated that she was authorized as a non-lawyer to act as attorney-in-fact for the

26   Veritas Institute because she represented the interests of the corporation.  (*Id.* at 1-2).  Joan

27   stated that Veritas Institute could be represented by a non-lawyer overseer because a non-

28
         _____
         [1] An action to quash an IRS summons is a suit against the United States.  *Barmes v.*
         *United States*, 199 F.3d 386, 388 (7th Cir. 1999).  As such, the United States is the only
         proper respondent in this case.

1    lawyer officer could prepare legal documents.  (*Id.* at 2).

2        The petition alleged the following facts.  (*Id.* at 3).  IRS Officer G. Yarbrough initiated

3    an investigation into the tax liabilities of LeRoy Albert Lewis of Grass Valley, California for tax

4    years ending 1998, 1999, 2007, and 2010.  (*Id.*).  Yarbrough made a "legal determination

5    without any authority whatsoever, deeming Veritas Institute as the alter-ego, nominee and/or

6    transferree of LeRoy Albert Lewis and Joan B. Lewis."  (*Id.*).  Yarbrough sent an IRS Form

7    2039 Administrative Summons to the Custodian of Records at Wells Fargo Bank in

8    Philadelphia, Pennsylvania, to appear before Yarbrough on June 1, 2012 at 10:00 a.m. in San

9    Jose, California.  (*Id.*).  The summons asked the custodian of records to provide testimony and

10   "to bring and produce for examination certain books, records, papers, and other data allegedly

11   relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into

12   any offense connected with the administration or enforcement of the internal revenue laws

13   concerning Veritas Institute."  (*Id.*).  Joan argued that the summons was a "bootleg request"

14   which could be ignored because it lacked a valid OMB control number and expiration date.

15   (*Id.*).  Joan argued that, she as a representative of Veritas Institute, had the right to seek to

16   quash the summons pursuant to 26 U.S.C. § 7609(b)(2).  (*Id.* at 4).  Joan sought to quash the

17   administrative summons sent to Wells Fargo and sought to enjoin Wells Fargo from

18   responding to the summons.  (*Id.* at 6, 49).

19   **II.    Summons Facts**[2]

20       The declaration of Gregory Yarbrough, an IRS Revenue Officer in San Jose, California,

21   declared the following.  (Yarbrough Decl. (#3-1) at 1).  He was authorized to issue

22   administrative summonses.  (*Id.*).  As a Revenue Officer, he was assigned to collect the

23   outstanding federal income tax liabilities (Form 1040) owed by LeRoy Albert Lewis ("LeRoy")

24   and Joan for the 1998, 1999, 2001, 2002 tax years and LeRoy for 2007 and 2010 tax years.

25   (*Id.* at 2).  Between 1998 and 2003, LeRoy conducted an oral surgery practice from which he

26   reported some income to the IRS.  (*Id.*).  In May 2007, LeRoy pled guilty to conspiracy to

27

28       [2] The United States attached exhibits to its motion to dismiss the petition.  (*See* Exhibits
     (#3-1, 3-2, 3-3, 3-4, 3-5)).

2

1   defraud the United States in connection with a scheme promoted by Tower Executive

2   Resources to inflate his medical expenses and hide income in offshore accounts.  (*Id.*).  In the

3   course of Yarbrough's collection efforts, he determined that LeRoy and his wife, Joan, owned

4   a parcel of real property located at 491 Montcrest Place, Danville, California, in Contra Costa

5   County (the "Danville Property").  (*Id.*).  In July 2002, LeRoy and Joan executed a quit claim

6   deed purporting to transfer the Danville Property to the Diablo Vista Trust for no consideration,

7   naming PATRA Services as trustee, and stating that the transfer to the trust was for the benefit

8   of the grantor, i.e. LeRoy and Joan.  (*Id.* at 2-3).  On October 12, 2005, an authorized delegate

9   for the Secretary of Treasury filed a Notice of Federal Tax Lien with the County Recorder for

10   Contra Costa County, California, which named Diablo Vista Trust as a nominee for LeRoy and

11   Joan.  (*Id.* at 3).  Notwithstanding the lien, on October 31, 2005, Diablo Vista Trust executed

12   a quit claim deed purporting to transfer the Danville Property to "the Office of Overseer of

13   Veritas Institute and his successors."  (*Id.*).  On November 15, 2005, Diablo Vista Trust

14   executed a grant deed transferring the Danville Property to "the Veritas Institute and his

15   successors."  (*Id.*).  On January 24, 2007, PATRA Services, as trustee of Diablo Vista Trust,

16   executed another deed to correct the transfer to the Veritas Institute.  (*Id.*).  No consideration

17   was recited for any of these transfers.  (*Id.*).

18          Yarbrough declared the following.  (*Id.*).  On August 3, 2007, Veritas Institute sold the

19   Danville Property to Joffrey and Paula Pryor for over $2 million.  (*Id.* at 3, 5).  Joan signed the

20   grant deed on behalf of Veritas Institute with her title identified as "Scribe."  (*Id.* at 3).  In

21   September 2007, Veritas Institute purchased a single family residence located at 105 Prickly

22   Pear Road, Verdi, Nevada 89439 (the "Verdi Property").  (*Id.*).  The documents filed with the

23   Nevada Secretary of State list Joan as the only officer of the Veritas Institute.  (*Id.*).  The

24   Veritas Institute's address is the Verdi Property.  (*Id.*).

25          Yarbrough had repeatedly requested that LeRoy disclose information about various

26   entities involved in these transfers, including the Veritas Institute, but LeRoy failed to note any

27   information for his wife or Veritas Institute.  (*Id.* at 3-4).  Yarbrough issued a summons to Wells

28   Fargo Bank, N.A. on May 15, 2012.  (*Id.* at 4).  The summons directed Wells Fargo to produce,

1   in person on June 1, 2012 at 10:00 a.m., account information for any bank accounts at Wells

2   Fargo for LeRoy and Joan, including accounts for which they had signature authority, and of

3   the Veritas Institute, which acquired the Danville Property either directly or indirectly from

4   LeRoy and Joan. (*Id.*). Wells Fargo has not complied with the summons and is awaiting the

5   resolution of the motion to quash. (*Id.*).

6          The summons stated that it was in regard to the matter of LeRoy A. Lewis and Joan B.

7   Lewis and that the summoned party was the Custodian of Records, Wells Fargo Bank, N.A.

8   (Summons (#3-4) at 2). The summons stated that under IRC § 7609(c)(2)(D), the summons

9   was exempt from the notice requirements pertaining to third party summonses. (*Id.*).

10         The pending motions now follow.

**DISCUSSION**

12         The United States moves to dismiss or summarily deny the verified petition on four

13  grounds. (Mot. to Dismiss (#3) at 2). First, the United States moves to dismiss the action

14  because a non-lawyer may not represent a corporation under the local rules and Ninth Circuit

15  precedent. (*Id.* at 5). Second, the United States argues that this Court lacks subject-matter

16  jurisdiction over the petition to quash because the Veritas Institute was not "entitled to receive

17  notice" of the IRS summons pursuant to 26 U.S.C. § 7609(b)(2). (*Id.* at 5-6). Third, the United

18  States asserts that the Veritas Institute lacks standing to bring an action under 26 U.S.C.

19  § 7609(b). (*Id.* at 8-9). Fourth, the United States contends that, even if this Court had

20  jurisdiction, it established a prima facie case under *United States v. Powell*, 379 U.S. 48, 85

21  S. Ct. 248,13 L. Ed. 2d 112 (1964). (*Id.* at 9).

22         In response, Joan asserts that she is authorized to act as attorney-in-fact for Veritas

23  Institute and can represent Veritas Institute as its non-lawyer overseer. (Resp. to Mot. to

24  Dismiss (#6) at 1-2). Joan argues that the IRS has no legal authority to summons any third

25  parties in connection with the enforcement or collection of income taxes. (*Id.* at 3).

26

27

28

4

1    The United States filed a reply.  (Reply to Mot. to Dismiss (#8)).[3]

2    The Court dismisses this case, without prejudice, because Veritas Institute, a

3 corporation, is represented by a non-attorney.  The Ninth Circuit has held that a "corporation

4 may appear in federal court only through licensed counsel."  *United States v. High Country*

5 *Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  Rule 9010 of the Nevada Local Rules

6 provides that "[a]ny corporation, partnership, or other business entity, except when acting as

7 a bankruptcy trustee for a corporation or partnership, must be represented by an attorney."

8 Nev. Loc. R. 9010.  Joan is not a licensed attorney and, therefore, cannot represent Veritas

9 Institute in federal court.  Upon acquiring a licensed attorney to represent it, Veritas Institute

10 may file another complaint in federal court.

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 _____

24    [3]   Joan filed a Motion for an Extension of Time to File Reply or in the Alternative to
Strike Plaintiff's Response.  (Mot. for Extension of Time (#4) at 1).  Joan sought an extension
25 until September 17, 2012, to file a reply.  (*Id.* at 3).  That time has passed and Joan has not
filed any reply in the docket.  Moreover, the Court notes that Joan's request is actually a
26 request to file a sur-reply to the motion to dismiss.  The Court denies this request.
    Joan also moved to strike the Motion to Dismiss because the motion contained an
27 incorrect caption to the Eastern District of California and incorrect judge's initials on the case
number.  (Mot. for Extension (#4) at 3).  The Court denies the motion to strike because the
28 United States filed another copy of the motion to dismiss with the corrected caption and case
number.  (*See* Notice of Corrected Filing (#5)).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Verified Petition to Quash IRS Form 2039 Administrative Summonses (#1) is DISMISSED, without prejudice, because Petitioner Veritas Institute is represented by a non-attorney.

IT IS FURTHER ORDERED that the United States's Motion to Dismiss or Summarily Deny Verified Petition (#3) is GRANTED.

IT IS FURTHER ORDERED that the Motion for an Extension of Time to File Reply or in the Alternative to Strike Response (#4) is DENIED.

The Clerk of the Court shall enter judgment accordingly.


DATED: This 27th day of February, 2013.

_____
United States District Judge

6